**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**KEITH L. CRAWFORD,**

**Plaintiff,**

**v.** **CASE NO. 08-3183-SAC**

**MARC STRODE, et al.,**

**Defendants.**

**O R D E R**

This matter is before the court on a complaint filed by a prisoner while incarcerated in Ellsworth Correctional Facility (ECF) in Ellsworth, Kansas. Plaintiff proceeds pro se and seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915 without prepayment of the district court filing fee. The two defendants named in the complaint are ECF Officer Marc Strode and ECF Warden Johnnie Goddard.

*Motion for Leave to Proceed In Forma Pauperis*

Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the full $350.00 filing fee in this civil action. If granted leave to proceed in forma pauperis, plaintiff is entitled to pay this filing fee over time, as provided by payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and by the periodic payments from plaintiff's inmate trust fund account as detailed in 28 U.S.C. § 1915(b)(2). Because any funds advanced to the court by plaintiff or on his behalf must first be applied to

plaintiff's outstanding fee obligation,[1] the court grants plaintiff leave to proceed in forma pauperis in the instant matter without payment of an initial partial filing fee. Once this prior fee obligation has been satisfied, however, payment of the full district court filing fee in this matter is to proceed under 28 U.S.C. § 1915(b)(2). Plaintiff's request for a court order directing state officials to deduct fee payments from plaintiff's mandatory savings account is denied.[2]

*Screening of the Complaint*

Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b).

In this action, plaintiff states he was housed in an honor dorm (B-Pod) at ECF for three months when a smoking inmate (Brian Kirk) was assigned to plaintiff's cell. Plaintiff states he filed numerous requests to staff about Kirk's violation of the no-smoking

---

[1]*See* Crawford v. Blackmon, Case No. 00-3428-GTV (remainder of $150.00 district court filing fee).

[2]In making this request, plaintiff cites the district court filing fee as $150.00. This is not accurate. Since plaintiff filed his previous case in federal court, the district court filing fee has been increased to $350.00, effective April 9, 2006.

Also, plaintiff advances no reason for the court to not presume state officials will collect payments from plaintiff's inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2), and in accord with state law. *See also* Crawford v. State, 2007 WL 4578007 (Kan.App. Dec. 21, 2007)(unpublished opinion)(addressing plaintiff's challenge to how prison officials collected the assessed filing fee in plaintiff's state post-conviction case) *citing* Ellibee v. Simmons, 32 Kan.App.2d 519 (2004).

rule at the facility. Citing health problems from second hand smoke, he submitted a tenth grievance to complain about Kirk's smoking and the loss of plaintiff's property, and to ask Officer Strode to move plaintiff or Kirk from the cell. Plaintiff states Officer Strode investigated plaintiff's grievance allegations by talking to Kirk, and concluded plaintiff rather than Kirk would be moved.[3] Plaintiff further states that Kirk told other prisoners that plaintiff was a snitch, and that a physical altercation resulted for which plaintiff provides no details. Officer Strode reassigned plaintiff citing safety concerns, but plaintiff maintains it was to cover up this officer's negligence. Plaintiff also states he was assaulted by the use of handcuffs to take him to the hole for refusing to sign a document he describes as a release of liability for officials' negligence.

On these allegations plaintiff seeks damages, his immediate transfer from ECF, and a permanent injunction to prevent his return to that facility. He first claims Officer Strode acted with deliberate disregard to plaintiff's safety, and claims Warden Goddard knew that plaintiff would be in danger if called a snitch but failed to ensure an immediate and confidential response to plaintiff's grievance. Second, he claims his transfer from the honor dorm, the five day delay in effecting that transfer, the use

[3]Plaintiff further alleges Officer Jeff Stone, not named as a defendant in this action, responded to plaintiff's grievance about second hand smoke by stating he would find plaintiff another home. Plaintiff claims this officer placed plaintiff at great risk of harm by sliding his response to plaintiff's grievance under the cell door where it was intercepted by Kirk.

of handcuffs to transport him to "the hole" for four hours, and the lower paying work assignment he received in his new location, were in retaliation for his complaint of error and negligence by Officer Strode and plaintiff's refusal to sign a release.

Having reviewed the record, the court finds the complaint is subject to being summarily dismissed for the following reasons.

The court first notes that plaintiff's request for an immediate transfer from ECF, and his separate motions for a preliminary and mandatory injunction to obtain the very same relief, are now moot. The record discloses that plaintiff is now confined in the Lansing Correctional Facility (LCF) in Lansing, Kansas. Plaintiff's allegations of subsequent misconduct at LCF are not at issue in this action.

Next, the court finds plaintiff's allegations, even if liberally construed and assumed to be true, are insufficient to state any cognizable claim for relief under 42 U.S.C. § 19183 against either of the named defendants.

Duty to Protect

To allege a valid claim under 42 U.S.C. § 1983, plaintiff must assert the denial of a right, privilege or immunity secured by federal law, by a person acting under color of state law. *See* Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970). Although prison officials have a duty to protect prisoners from violence at the hands of other prisoners, they are not expected to prevent every injury suffered by one prisoner at the hands of another. Farmer v. Brennan, 511 U.S. 825, 833-34 (1994). Such claims rise to constitutional significance only if plaintiff can show that

defendants acted with deliberate indifference to plaintiff’s safety. *See* id. The mere showing that an assault occurred may not be sufficient, and significantly, harm resulting from Officer Strode’s negligence presents no constitutional claim for the purpose of stating a claim for relief under 42 U.S.C. § 1983. *See e.g.* Davidson v. Cannon, 474 U.S. 344 (1986) (guard failed to act on inmate's note of threatened danger; negligence only, no deliberate indifference).

The Eighth Amendment prohibition against cruel and unusual punishment has been interpreted as imposing a duty on prison officials to “take reasonable measures to guarantee the safety of the inmates,” including protection of a prisoner from violence by other inmates. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994). To state a cognizable constitutional claim, however, the alleged deprivation must be “sufficiently serious” to present an objective “substantial risk of serious harm,” and plaintiff must be able to show the defendants had subjective knowledge of “facts from which the inference could be drawn that a substantial risk of serious harm exists.” *See* id. at 833-37. The “mere fact that an assault occurs ... does not establish the requisite indifference to a prisoner's constitutional rights,” Hovater v. Robinson, 1 F.3d 1063, 1066 (10th Cir. 1993)(*quotation omitted*), and “an official's failure to alleviate a significant risk of which he was unaware, no matter how obvious the risk or how gross his negligence in failing to perceive it, is not ... a constitutional violation.” Tafoya v. Salazar, 516 F.3d 912, 916 (10th Cir. 2008).

Plaintiff’s allegations in the instant matter are insufficient

to satisfy the necessary threshold showing that either defendant acted with deliberate indifference to plaintiff's safety by intentionally or recklessly subjecting him to a known and substantial risk of serious and immediate harm. Although the Tenth Circuit Court of Appeals has recognized that "[l]abeling a prisoner a snitch violates a prisoner's constitutional rights under the Eighth Amendment," Benefield v. McDowall, 241 F.3d 1267, 1270 (10th Cir. 2001), plaintiff's allegations fall short of demonstrating any such claim. At most, plaintiff alleges Officer Strode investigated plaintiff's continuing grievances over Kirk's smoking, but failed to do so in a manner that kept plaintiff's grievance(s) confidential. As a result, plaintiff alleges *Kirk* concluded and communicated to other prisoners that plaintiff was a "snitch." These allegations, even when liberally construed and assumed to be true, are insufficient to establish that Officer Stroede's less than confidential investigation of plaintiff's grievance constituted a reckless and deliberate disregard for plaintiff's personal safety. *Cf, Benefield* (*defendant prison guard* labeled plaintiff a snitch and communicated that label to other prisoners).

Additionally, the court finds the ECF Warden is subject to being summarily dismissed from this action because plaintiff has no constitutional right to a timely and confidential response to his administrative grievance,[4] and plaintiff alleges no personal

[4]Although prisoners have a constitutional right to seek redress of grievances as part of their right of access to courts, this right is not compromised by the failure of prison officials to address these grievances or process them in a proper and timely manner. See Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991) (prisoner's right

participation by this defendant in any action that subjected plaintiff to a known and obvious risk of harm.

Retaliation

Although "[p]rison officials may not retaliate against or harass an inmate because of the inmate's exercise of his constitutional rights, an inmate claiming retaliation must allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." Fogle v. Pierson, 435 F.3d 1252, 1263-64 (10th Cir. 2006)(quotation omitted), *cert. denied*, 549 U.S. 1059 (2006). To present such a claim, an inmate must be able to establish that "'but for' the retaliatory motive, the incidents to which he refers, ... would not have taken place," Peterson v. Shanks, 149 F.3d 1140, 1144 (10 Cir. 1998), and that the alleged retaliatory action "did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals," Ladd v. Davis, 817 F.Supp. 81, 82 (D.Kan. 1993). Plaintiff's allegations fail to satisfy these requirements. Plaintiff requested in part to be moved to avoid second hand smoke for health reasons, and he does not allege the use of handcuffs or change in his work assignment were inconsistent with normal institutional practice under the circumstances.

*Notice and Show Cause Order to Plaintiff*

Plaintiff is thus directed to show cause why the complaint

---

to petition the government for redress is the right of access to the courts, a right that is not compromised by the prison's refusal to entertain his grievance). *See also* Burnside v. Moser, No. 04-4713, 138 Fed. Appx. 414, 416 (3d Cir. 2005) (inmates have no constitutionally protected right to a grievance procedure).

should not be dismissed as stating no claim for relief against either of the named defendants. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted"). The failure to file a timely response may result in the complaint being dismissed for the reasons stated herein, and without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted, with collection of the $350.00 district court filing fee to proceed as authorized by 28 U.S.C. § 1915(b)(2) after plaintiff's prior fee obligation has been fully satisfied.

IT IS FURTHER ORDERED that plaintiff's motion for a preliminary injunction (Doc. 3) and motion for an interlocutory or mandatory injunction (Doc. 4) are denied.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be dismissed as stating no claim for relief.

**IT IS SO ORDERED.**

DATED: This 13th day of January 2009 at Topeka, Kansas.

s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge