IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KEITH L. CRAWFORD,

        Plaintiff,

    v.                           CASE NO. 08-3183-SAC

MARC STRODE, et al.,

        Defendants.

**O R D E R**

Plaintiff proceeds pro se and in forma pauperis on a complaint filed under 42 U.S.C. § 1983 while plaintiff was incarcerated in Ellsworth Correctional Facility (ECF) in Ellsworth, Kansas. The court reviewed plaintiff's allegations and directed plaintiff to show cause why the complaint seeking damages[1] on allegations against ECF Warden Goddard and ECF Officer Strode should not be dismissed as stating no claim for relief.

In this action, plaintiff complains of a smoking inmate (Brian Kirk) assigned to plaintiff's cell in the honor dorm. Plaintiff cites numerous requests to staff about Kirk's violation of the no-smoking rule at the facility. In a tenth grievance plaintiff cited health problems from second hand smoke and the loss of his personal property, and asked Strode to move plaintiff or Kirk from the cell.

---

[1] Plaintiff's request for an immediate transfer from ECF, and separate motions for a preliminary and mandatory injunction to obtain the very same relief, were dismissed as moot by plaintiff's transfer to another Kansas correctional facility.

Strode investigated plaintiff's allegations by talking to Kirk, and decided to move plaintiff rather than Kirk.[2] Plaintiff states Strode failed to keep plaintiff's name confidential, thus plaintiff was perceived and labeled as a snitch and an unspecified physical altercation later resulted. Plaintiff also contends Warden Goddard's failure to provide an immediate and confidential response to plaintiff's administrative appeal further compromised plaintiff's safety.

Plaintiff further claims he was assaulted by Strode's use of handcuffs to take him to the hole for refusing to sign a document plaintiff describes as a release of liability for officials' negligence. Plaintiff contends the five day delay in effecting that transfer, the use of handcuffs to transport him to "the hole" for four hours, and the lower paying work assignment he received in his new location were in retaliation for his complaint of error and negligence against Strode and plaintiff's refusal to sign a release.

The court directed plaintiff to show cause why the complaint should not be summarily dismissed as stating no claim for relief under 42 U.S.C. § 1983 against either named defendant. Having examined plaintiff's response, the court dismisses the complaint.

The court continues to find no Eighth Amendment claim is stated because plaintiff's allegations are insufficient to satisfy the

---

[2] Plaintiff further alleges Officer Jeff Stone, not named as a defendant in this action, responded to plaintiff's grievance about second hand smoke by stating he would find plaintiff another home. Plaintiff claims this officer placed plaintiff at great risk of harm by sliding his response to plaintiff's grievance under the cell door where it was intercepted by Kirk.

subjective component of an Eighth Amendment claim, even if the objective component could be assumed. Plaintiff's reliance on Strode's alleged unprofessional handling of plaintiff's grievances is misplaced, because mere negligence does not support a claim of constitutional deprivation. *Smith v. Cummings*, 445 F.3d 1254, 1258 (10th Cir.2006). The facts alleged by plaintiff simply fail to plausibly establish that Strode acted with intentional disregard to plaintiff's personal safety, even if Kirk and others were able to figure out over the course of plaintiff's many grievances that plaintiff was the person complaining about Kirk's smoking and other misconduct. Nor is there any factual support for plausibly finding the Warden acted with deliberate indifference to plaintiff's safety in responding to plaintiff's administrative appeal.

The court also continues to find no actionable retaliation claim is stated in the complaint. Plaintiff in part requested to be moved to avoid second hand smoke for health reasons, but was distressed about Strode's investigation and handling of plaintiff's allegations. There is nothing to suggest plaintiff's reassignment and the response to plaintiff's distress, including the decision to transfer plaintiff in handcuffs from the honor dorm, were inconsistent with normal institutional practice under the circumstances.

Accordingly, for the reasons stated herein and in the show cause order, the court concludes the complaint should be dismissed as stating no claim for relief.

IT IS THEREFORE ORDERED that the complaint is dismissed

3

pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS SO ORDERED.**

DATED:  This 21st day of June 2011 at Topeka, Kansas.


              s/ Sam A. Crow
             SAM A. CROW
             U.S. Senior District Judge